[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #128 MOTION TO MODIFY CUSTODY CHILD SUPPORT
A hearing was commenced and completed in this matter on March 24, 2003. During the hearing of this matter both parties appeared and presented evidence concerning the instant motion.
In a Motion for Modification dated January 29, 2003 Robert Burke (hereinafter the "Applicant") moved this Court to modify the current visitation orders as follows:
"Shared custody"
The Applicant asserts that there was been a substantial change in circumstances since the Court entered its orders of January 25, 2001. He states that said changes are:
"Custody: Time spent with child exceeds mother."
The file concerning this matter indicates that on January 25, 2001, the Court issued the following orders concerning custody:
Legal Custody: Joint Custody
Primary Residence: With mother, Melissa McCutcheon . . .
As to current and/or past child support: $122 per week — to include child support and day care.
On October 15, 2001, this Court modified its previous order. The Court ordered that the weekly payment of one hundred twenty two dollars ($122.00) was to remain the same, but the plaintiff was to additionally pay ten dollars ($10.00) per week towards an arrearage of one thousand seven hundred ten dollars ($1,710.00). The Court also noted that the plaintiff's Motion for Shared Custody was referred for study to Family CT Page 3915 Relations.[1]
On January 14, 2002, this Court modified the support order downward from one hundred and twenty two dollars ($122.00) per week plus ten dollars ($10.00) towards the outstanding arrearage to ninety dollars ($90.00) per week, plus ten dollars ($10.00) toward the outstanding arrearage, retroactive to December 21, 2001 due to the unemployment of the plaintiff.
Section 46b-56 of the Connecticut General Statutes concerns Superior Court orders re custody. Subsection 46b-56 (b) provides in pertinent part that:
In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of thechild, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference . . . (emphasis added)
The Applicant in this matter did not introduce any credible evidence that is in the best interest of the child to alter the current custody order. Instead the Applicant testified that the current order of child support was financially inconvenient and that if he had shared custody he would not have to make such payments. This is despite the fact that the credible evidence produced at the hearing indicates that the Applicant is now employed and has actually had an increase in his income since the order of January 25, 2001 was entered.
Whereas the Applicant has failed to meet his burden of proof in this matter the Motion for Shared Custody and Reduction of Child Support is denied.
 Richard Allan Robinson, J. March 25, 2003